IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PERRY BARNES, RICHARD BERGGREN, KURT DENKER, PATRICK McDOWELL, MATTHEW MILLER, DAVID RATHJEN and MICHAEL SCHMID,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF OMAHA, a municipal corporation; MICHAEL G. FAHEY, Individually and in his Official Capacity; PAUL LANDOW, Individually and in his Official Capacity and THOMAS WARREN, Individually and in his Official Capacity,**<br><br>Defendants. | CASE NO. 8:07CV110<br><br>ORDER |

This matter is before the Court on the Plaintiffs' Motion for New Trial and Motion to Reconsider (Filing No. 45). Plaintiffs ask the Court to consider additional evidence, specifically an order of the District Court of Douglas County, Nebraska, dated January 26, 2007 (Filing No. 47-3), in which that court concluded that the severance agreement provisions of the Collective Bargain Agreement ("CBA") between Plaintiffs and the City of Elkhorn was not an valid contractual obligation, because its enforcement would violate certain provisions of the Nebraska Constitution.[1]

NECivR 60.1(c) provides: "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of (1) a showing of manifest error in the prior

---

[1] Defendants note that the Plaintiffs have appealed the order of the Douglas County District Court to the Nebraska Court of Appeals, and that appeal is currently pending. (Affidavit of Alan M. Thelen, Filing 48-2).

ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence."

Contrary to the Plaintiffs' assertions, this Court did not hold that the CBA formed the basis of a property right on the part of the Plaintiffs. This Court rejected the Plaintiffs' theory that they became employees of the City of Omaha on March 24, 2005, vested with certain rights of continued employment, and noted that "[t]he Plaintiffs have demonstrated, at most, that they may have some contract right through their employment agreement with Elkhorn, coupled with Neb. Rev. Stat. § 14-118." (Memorandum and Order, Filing No. 43, p. 7). This Court concluded that "[t]o the extent that this CBA or any other agreement, coupled with Neb. Rev. Stat. § 14-118, may give the Plaintiffs a right to recover money from Omaha under a contract theory, such a claim does not form the basis of any cause of action under 42 U.S.C. § 1983." (*Id.*, p. 8).

IT IS ORDERED:

1. The Plaintiffs' Motion for New Trial and Motion to Reconsider (Filing No. 45) are denied.

DATED this 18th day of December, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge